UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE SANTIAGO,<br><br>         Plaintiff,<br>     v.<br><br>WHOLE HOUSE BUILDING SUPPLY, ET AL.,<br><br>         Defendants. | Case No.: C 10-2526 PSG<br><br>**ORDER DENYING MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS**<br><br>**(Re: Docket No. 32)** |

On May 6, 2011, Plaintiff Jose Santiago ("Santiago") filed a motion to compel further production of documents and declarations in support of that motion to compel. No opposition was filed, and no reply was filed. On June 21, 2011, Defendant Paul Gardner ("Gardner") appeared for oral argument on the motion to compel, but Santiago did not appear.

In his declaration, Santiago's counsel, Adam Pederson ("Pederson"), states that he sent a letter via mail and email to Gardner regarding these issues and that "[his] office has also made efforts to contact [Gardner] by telephone without success."[1] At the hearing, Gardner pointed out that the letter appears to have been mailed to the wrong address.[2] Gardner admitted he had

---

[1] 5/6/11 Decl. of Adam Pederson (Docket No. 33) ("Pederson Decl.") ¶¶ 7-12.

[2] Pederson Decl. Ex. 2 (addressed to 100 S. Amphlett Blvd. rather than 1000 S. Amphlett Blvd.).

1

Case No.: 10-2526 PSG
ORDER

received the email.  Gardner, however, did not indicate that he received any telephone calls or telephone messages.

Pursuant to Fed. R. Civ. P. 37(a), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Civ. L.R. 1-5(n) states that,

> "'meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. . . . The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.'   Rather, this requirement can be satisfied only through direct dialogue and discussion—either in a face to face meeting or in a telephone conversation."

As Civ. L.R. 1-5(n) makes clear, Santiago's letter—even if it had been correctly addressed—do not satisfy his obligation to confer before filing this motion to compel.  No face to face meeting or telephone conversation took place, and therefore the parties did not confer.  Additionally, the letter does not attempt to schedule a telephone call or a meeting, and, thus, does not constitute a good faith effort to confer.  Although counsel declares that his office made efforts to contact Gardner by telephone, he does not state what efforts were made.  The court was unable to request further explanation from Santiago or his counsel because they did not appear in court to argue their motion.  Thus, Santiago has not submitted to the court a sufficient certification that he made a good faith attempt to confer with Gardner.  Accordingly,

IT IS HEREBY ORDERED that the motion to compel is DENIED.

Dated: Juen 22, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge